■ DANIEL A. UDELL, Appellant, v. RICHARD HAAS, as Mayor of the Village of Lake Success, et al., Respondents.— Judgment of the Supreme Court, Nassau County, dated February 19, 1964, affirmed insofar as appealed from, with costs. We have taken notice of the enactment of the 1965 zoning amendment. Beldock, P. J., Ughetta, Brennan and Rabin, JJ., concur; Hopkins, J., dissents and votes to modify the judgment by striking out the first decretal paragraph and by substituting in place thereof a decretal paragraph declaring Ordinance No. 60 to be unconstitutional and void as to the property of plaintiff located on the easterly side of Lakeville Road and the westerly side of Summer Avenue, with the following memorandum: I am unable to distinguish between plaintiff's property located on the westerly side of Lakeville Road (declared to be unconstitutionally zoned by the judgment appealed from) and plaintiff's property on the easterly side of Lakeville Road and across from the first parcel. The same considerations that prompted the declaration of the invalidity of the ordi-

nance exist on the one side of Lakeville Road as on the other. By failure to appeal from that declaration of invalidity with respect to the westerly side, respondents implicitly concede that such a determination was sound and unassailable; and I think the same conclusion must likewise follow as to the easterly side. An ordinance may be discriminatory in its effect on particular parcels when it treats similar and neighboring property differently so as to exclude from the enjoyment of those parcels the uses permitted in the similar and neighboring property (*De Sena* v. *Gulde,* 24 A D 2d 165, 171–172). Moreover, plaintiff's proof in my opinion established that the application of the ordinance to the property on the easterly side resulted in a substantial economic loss of value in the property, warranting the treatment of both parcels alike (cf. *Mary Chess, Inc.* v. *City of Glen Cove,* 18 N Y 2d 205, 209–211).